The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner with minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the employment of plaintiff in this action was and is subject to the jurisdiction of the Industrial Commission pursuant to the North Carolina Workers' Compensation Act.
2. CNA Insurance Company was the carrier on the risk at all times relevant to this claim.
3. The plaintiff sustained a compensable injury to his back and hand by accident that occurred on June 11, 1998 that arose out of and in the course of his employment with the defendant-employer on that date.
 ***********
Based upon all of the competent, credible evidence of record and reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, age forty-seven, was born in Guatemala and entered the United States for the first time approximately ten years ago. In those past ten years, plaintiff has received no schooling in the United States. In Guatemala, plaintiff received four years of primary school education before he began his employment in the construction industry performing heavy manual labor.
2. Plaintiff is unable to read or write in English, is able to speak very little English, and thus is functionally illiterate in the English language.
3. At the time of the June 11, 1998 injury by accident, plaintiff was employed by the defendant-employer as an assistant mason or laborer. His duties required him to perform heavy manual labor.
4. Plaintiff's average weekly wage was $426.02.
5. Plaintiff sustained the compensable injury that caused injuries to his low back, right hand, right wrist and right elbow on June 11, 1998. The injuries to plaintiff's hand, wrist and elbow resolved with conservative treatment, but plaintiff required surgery to treat his back injury. Plaintiff underwent a lumbar fusion by Dr. Fulghum on January 12, 1999.
6. Plaintiff reached maximum medical improvement on or about July 19, 1999. Dr. Fulghum, plaintiff's treating physician, determined, and the Full Commission finds, that plaintiff sustained a fifty percent permanent partial impairment of his back as a result of the accident. Plaintiff is permanently unable to perform any work other than "absolutely sedentary" work, and is able to do no lifting, frequent twisting, bending or standing.
7. Both Dr. Derian and Dr. Garner, who performed independent medical evaluations, concurred that plaintiff was physically capable of only sedentary work.
8. Plaintiff is permanently unable to perform the heavy labor that he was required to perform with the defendant-employer or with any other employer. He has been and continues to receive total disability benefits from the defendants in the amount of $284.02 pursuant to a Form 60 and Form 62.
9. There is no evidence that suitable jobs are available for plaintiff that he would have a reasonable likelihood of obtaining if he diligently sought them, taking into account both physical and vocational limitations. There is no evidence that plaintiff is able to perform or obtain any position of employment in the competitive economy. Stephen Carpenter, a vocational expert, testified, and the Full Commission finds that based upon plaintiff's age, education, training, work history, skills and abilities, as applied to other vocational factors, vocational testing and medical findings showing severe loss of functional capacity, plaintiff is not employable. The plaintiff is permanently unable to earn wages in any employment whatsoever.
10. The appeal to the Full Commission was brought by the insurer and the Commission by this decision orders the insurer to continue payments of benefits, including compensation for medical expenses, to the injured employee. A reasonable fee to plaintiff's attorney to be taxed as costs against defendants is $500.00.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. As a result of plaintiff's age, education, training, work history, skills and abilities, in conjunction with the injuries he suffered as a result of the June 11, 1998 accident, plaintiff is permanently and totally disabled and is entitled to weekly compensation at a rate of $284.03 for the remainder of his life, subject to a change of condition. N.C. Gen. Stat. §§ 97-29, 97-47.
2. Plaintiff is entitled to medical compensation for treatment of the injury giving rise to this claim at the defendants' expense for the remainder of his life or until further order of the Industrial Commission. N.C. Gen. Stat. §§ 97-29, 97-2(19).
3. Plaintiff's attorney is entitled to a reasonable attorney fee of $500.00 to be taxed as costs against defendants. N.C. Gen. Stat. §97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Subject to the attorney fee hereinafter allowed, the defendants shall pay compensation benefits to plaintiff in the amount of $284.03 per week continuing for the remainder of plaintiff's life, subject to a change of condition.
2. A reasonable attorney fee in the amount of twenty-five percent of the disability compensation benefits payable herein is approved for plaintiff's attorney. Said attorney fee shall be paid by the defendants' making direct payment to plaintiff's counsel of every fourth week of compensation benefits payable under the terms of this Opinion and Award.
3. The defendants shall pay all medical compensation for treatment of the injury by accident giving rise to this claim for the remainder of plaintiff's life or until further order of the Industrial Commission. Since Dr. Derian speaks fluent Spanish, plaintiff's care shall be transferred to him as primary treating physician if Dr. Derian is willing to accept plaintiff as a patient. If Dr. Derian is unwilling, Dr. Fulghum shall remain plaintiff's primary treating physician and the defendants shall provide an interpreter to accompany plaintiff to every doctor visit or other treatment as recommended by Dr. Fulghum.
4. The defendants shall pay the costs, including a $500.00 fee for this appeal to be paid directly to plaintiff's counsel.
This 11th day of July 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER